**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John C. GEORGE, Defendant–Appellant.**

No. 08–13947

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 24, 2009.

Bernardo Lopez, Ft. Lauderdale, FL, Kathleen M. Williams, Miami, FL, for Defendant–Appellant.

Anne R. Schultz, Kathleen .M. Salyer, Suzan H. Ponzoli, U.S. Attorney's Office, Carol E. Herman, Miami, FL, for Plaintiff–Appellee.

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant John C. George appeals the district court's denial of his *pro se* motion

---

to reduce his life sentence under 18 U.S.C. § 3582(c)(2). The district court found that, given the quantity of crack cocaine for which George was responsible, Amendment 706 to the Sentencing Guidelines did not lower his guideline range, and, therefore, § 3582(c)(2) did not authorize a sentence reduction. On appeal, George argues that the district court had the authority under § 3582(c) to reduce his sentence, in light of a continuing crack/powder sentencing disparity and the Supreme Court's decision in *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White,* 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *Id.*

Amendment 706 to the Sentencing Guidelines reduced base offense levels for certain crack cocaine offenses, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G.App. C, Amend. 706 (2008). Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. *See* U.S.S.G.App. C, Amend. 713; U.S.S.G. § 1B1.10(c) (2008). Before the amendment, base offense level 38 applied to drug offenses involving 1.5 kilograms or more of crack cocaine. *See, e.g.,* U.S.S.G. § 2D1.1(c)(1) (1995). As a result of the amendment, base offense level 38 now applies to an offense involving 4.5 kilograms or more of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(1) (2008).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court may reduce the defendant's sentence, after considering applicable 18 U.S.C. § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), [and] any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (2008). However, a reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir.2003) (stating that only retroactively applicable amendments "that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)").

A § 3582(c)(2)· motion to reduce sentence does not provide the basis for *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir.2005). In

addition, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not provide an independent basis for reducing a sentence pursuant to a § 3582(c)(2) motion. *Id.* Section 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo,* 203 F.3d 778, 782 (11th Cir.2000).

We recently decided *United States v. Jones,* 548 F.3d 1366, 1367–69 (11th Cir. 2008). In *Jones,* Amendment 706 did not lower the defendant's base offense level because he was responsible for more than 4.5 kilograms of crack cocaine. *Id.* at 1368–69. We held that, despite *Booker,* a court cannot reduce a sentence pursuant to § 3582(c)(2) unless the defendant had been sentenced based on a sentencing range that had later been lowered by the Guidelines. *Id.* at 1369. In another recent decision, we rejected a defendant's argument that *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481, provided an independent basis for a sentence reduction under § 3582(c)(2). *See United States v. James,* 548 F.3d 983, 985–86 (11th Cir.2008).

We conclude from the record here that the district court was not authorized to reduce George's sentence under § 3582(c)(2) because Amendment 706 did not have the effect of lowering his guidelines range. The Supreme Court's decision in *Kimbrough* does not affect this conclusion. Therefore, we conclude that the district court did not misinterpret its authority or abuse its discretion under § 3582(c)(2). Accordingly, we affirm George's sentence.

**AFFIRMED.**